United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW GARRETT WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>JOE'S CRAB SHACK, a Texas corporation doing business in California, KEVIN, an individual, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 09-5086 SC<br><br>ORDER GRANTING MOTION <u>TO REMAND</u> |

### I. **INTRODUCTION**

This matter comes before the Court on the Motion to Remand ("Motion") filed by Plaintiff Drew Washington ("Plaintiff" or "Washington"). Docket No. 9. Defendant Crab Addison, Inc., ("Defendant" or "Crab Addison") filed an Opposition and Plaintiff submitted a Reply. Docket Nos. 16, 17. For the following reasons, Plaintiff's Motion is GRANTED.

### II. **BACKGROUND**

On October 28, 2008, Plaintiff filed a Complaint in the Superior Court of California, County of San Francisco. Notice of Removal, Docket No. 1, Ex. 1 ("Compl."). According to the Complaint, Plaintiff is a California citizen, and Crab Addison -- erroneously referred to in the Complaint as "Joe's Crab Shack" or

"JCS" -- is a company organized and existing under the laws of the State of Texas.[1]  Compl. ¶¶ 1-2.  As well as Crab Addison, Plaintiff also sued "Kevin," an employee of Crab Addison.  Compl. ¶ 3.  The Complaint contains no allegations concerning Kevin's citizenship.  The Complaint alleges causes of action including wrongful termination, discrimination, harassment, and intentional infliction of emotional distress ("IIED").  Id. ¶¶ 31-94.  It asserts no federal causes of action.  See id.

In the section of the Complaint entitled "General Factual Allegations Common to all Causes of Action," Plaintiff alleges that he worked for Crab Addison as a host, waiter, and bartender. Id. ¶ 17.  According to the Complaint,

> Beginning in or around September 2007, Plaintiff was subjected to constant, daily, discriminatory and harassing conduct by Defendants, which was severe and pervasive so as to alter the terms and conditions of his employment agreement with JCS.  Such conduct by Defendants includes, but is not limited to, (1) forcing Plaintiff to pay the tabs of customers who left without doing so; (2) making derogatory comments such as, "You're black, I know you can dance," and "You're black, you can dance."; (3) forcing Plaintiff to dance for customers although knowing he was uncomfortable about it; (4) threatening Plaintiff's job if he did not dance; (5) excusing Plaintiff's absence and then terminating him for taking an absence; (6) suspending Plaintiff for taking a sick day; (7) refusing to put Plaintiff on the schedule when he returned from sick leave; (8) failing to pay earned overtime; and (9) requiring Plaintiff to purchase uniforms from Defendant without compensation.

---

[1] The Notice of Removal also states that Crab Addison is a Texas corporation with its principal place of business in Texas. Notice of Removal ¶¶ 23-25.

2

Id. ¶ 19 (emphasis added).  Although many of Plaintiff's causes of action are only asserted against Crab Addison, Plaintiff's claim for harassment based on race/disability in violation of California Government Code § 12940 et seq.; and his claim for IIED are asserted against all Defendants.  See id. ¶¶ 56-66, 90-94.

On October 26, 2009, Crab Addison removed the case to federal court, stating that Plaintiff has never served Defendant "Kevin," and that it is now clear that he is a sham defendant sued only to destroy diversity.  Notice of Removal ¶¶ 2, 27-37.  Plaintiff moves to remand the case back to state court.

### III. LEGAL STANDARD

Any civil action brought in a state court may be removed to this Court where there is complete diversity of citizenship and where the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332, 1441.  A defendant may remove a case lacking complete diversity and seek to persuade the district court that any non-diverse defendant was fraudulently joined.  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  Id.  A defendant must prove fraudulent joinder by clear and convincing evidence and there is a general presumption against fraudulent joinder.  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  Fraudulent joinder claims may also be resolved by "piercing the pleadings" and

3

1  considering summary judgment-type evidence such as affidavits and
2  deposition testimony.  Morris v. Princess Cruises, Inc., 236 F.3d
3  1061, 1068 (9th Cir. 2001) (quoting Cavallini v. State Farm Mut.
4  Auto Ins. Co., 44 F.3d 256, 259 (5th Cir.1995)).  However, the
5  court must resolve "all disputed questions of fact and all
6  ambiguities in the controlling state law in favor of the
7  non-removing party."  Plute v. Roadway Package System, Inc., 141
8  F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (quoting Dodson v.
9  Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992)).

## IV.  DISCUSSION

### A.  State Court Proceedings

On March 17, 2009, the state court issued an Order to Show Cause ("OSC") why the case should not be dismissed for Plaintiff's failure to file a proof of service and obtain an answer or enter default against Defendant "Kevin, an individual."  Notice of Removal ¶ 8, Ex. 17 ("First OSC").  The Court set a May 18, 2009 hearing date for the OSC.  Id.  On May 15, 2009, the state court canceled the hearing, and issued a new OSC with a July 9, 2009 hearing date.  Id. Ex. 33 ("Second OSC").

On July 2, 2009, Plaintiff filed a Case Management Statement stating that "Kevin Hall - Plaintiff is in the process of looking for address information for this defendant - plaintiff, thus request [sic] the Court to continue this OSC hearing for 60 days."  Id. Ex. 34 ("Pl.'s Case Management Statement").  On July 7, 2009, Plaintiff filed and served an amendment to the Complaint correcting the name of defendant "Kevin" to "Kevin Austin."  Id.

Ex. 35 ("Amendment").

On July 14, 2009, the state court set an October 8, 2009 hearing date for an OSC as to why Plaintiff's counsel should not be sanctioned for failing to "file proof of service on defendant(s) and obtain answer(s) or enter default(s)." Id. Ex. 36 ("Third OSC"). At the OSC hearing on October 8, 2009, Plaintiff's counsel allegedly misrepresented to the state court that he had sent a letter to Defendant's counsel requesting the address of Defendant Kevin Austin ("Austin"). Id. ¶ 18. Once more, the state court issued an OSC as to why Plaintiff's counsel should not be sanctioned for failure to serve Austin. Id. Ex. 38 ("Fourth OSC").

Based on the foregoing, Crab Addison alleges as follows:

> [I]t was not clear from the face of the Complaint that Austin was a sham defendant. Indeed, this did not become clear until the October 8, 2009 OSC regarding dismissal as to Austin. . . . In a blatant attempt to avoid dismissal as to Austin and certain removal to federal court, Feder [Plaintiff's attorney] represented to the Court that he had sent a letter to Defendant's counsel seeking Austin's contact information, which Defendant's counsel had refused to respond to. . . . This was blatantly false. . . . Upon discovery that Austin was nothing more than a sham defendant, Defendant promptly and properly removed this action within thirty (30) days.

Opp'n at 4. Plaintiff's counsel disputes whether his representation in state court was false, declaring that he believed at the time of the hearing that the letter had been sent. Feder Decl. ¶ 7.[2] Subsequent to the OSC hearing, Plaintiff's

---

[2] Daniel L. Feder, attorney for Plaintiff, filed a Declaration in Support of Plaintiff's Motion to Remand. Docket No. 11.

5

counsel served Crab Addison's attorney with a special interrogatory seeking the last known address and telephone number of Austin. Id. ¶ 8, Ex. 1 ("Pl.'s Special Interrogs.").

### B. Crab Addison Has Not Shown Fraudulent Joinder

The problem for Defendant is that Plaintiff's failure to serve Austin, and Defendant's contentions concerning what occurred at the OSC hearing, do not establish that Austin is a sham defendant. To show that Austin was fraudulently joined, Crab Addison has the burden of showing that it is obvious according to the settled rules of California law that Plaintiff has failed to state a claim against Austin. Crab Addison has not met this burden.

Plaintiff's Complaint states claims for harassment and IIED against all Defendants. See Compl. ¶¶ 56-66, 90-94. Under California law, an employee cannot be held personally liable for acts of discrimination. Cal. Gov't Code § 12940(a); Reno v. Baird, 18 Cal. 4th 640, 663 (1998). However, an employee can be held liable for acts of harassment. See Cal. Gov't Code § 12940(j)(3); Jones v. Lodge at Torrey Pines P'ship, 42 Cal.4th 1158, 1162 (2008); Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 62 (Ct. App. 1996). Therefore, Plaintiff's claim for harassment against Austin, who is alleged to have been an employee of Crab Addison, is not facially-barred.

Defendant contends that the Complaint is devoid of any specific factual allegations suggesting Austin subjected Plaintiff to offensive comments or other abusive conduct based on a protected category. Opp'n at 12. However, the Complaint alleges

1  that Defendants forced Plaintiff to dance for customers, and made
2  derogatory comments such as "You're black, I know you can dance."
3  Compl. ¶ 19.  Actionable harassment consists of conduct outside
4  the scope of necessary job performance.  Reno, 18 Cal.4th at 657;
5  Janken, 46 Cal. App. 4th at 63.  If Austin engaged in the conduct
6  alleged in the Complaint, then Plaintiff has an actionable
7  harassment claim against Austin.

8  Crab Addison relies on the fact that the Complaint merely
9  states that "Defendants" engaged in this conduct, and it does not
10 specifically allege that Austin did so.  See Opp'n at 10 n.7, 12.
11 However, any doubts arising from merely inartful or ambiguous
12 pleadings should be resolved in favor of remand.  Lewis v. Time,
13 Inc., 83 F.R.D. 455, 460 (E.D. Cal, 1979). "Defendants" includes
14 Austin.  Therefore, Crab Addison has not met its burden of showing
15 that Plaintiff has obviously failed to state a harassment claim
16 against Austin.  See Asurmendi v. Tyco Electronics Corp., No.
17 08-5699, 2009 WL 650386, at *4 (N.D. Cal. Mar. 11 2009)(finding
18 actionable claim for harassment based on allegations of
19 supervisor's criticisms and remanding case to state court); see
20 also Alderman v. Pitney Bowes Mgmt. Servs., 191 F. Supp. 2d 1113,
21 1116 (N.D. Cal. 2002) (remanding case to state court where
22 plaintiff's complaint omitted to state harassment claim against
23 manager and co-worker, but plaintiff intended to pursue such
24 claim).

25 For similar reasons, the Court finds that Crab Addison has
26 failed to meet its burden of showing that Plaintiff has not stated
27 an IIED claim against Austin.  "The elements of the tort of

intentional infliction of emotional distress are: '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. . . .'" Christensen v. Super. Ct., 54 Cal.3d 868, 903 (1991) (quoting Davidson v. City of Westminster, 32 Cal.3d 197, 209 (1982)).  In Asurmendi, the court found that a supervisor's verbal criticisms, including the reprimand that Plaintiff was doing things "the old fashioned way," could form a sufficient basis for an IIED claim. 2009 WL 650386, at *5.  Similarly here, the Court finds that Austin's alleged conduct forms a sufficient basis.  Accordingly, this Court concludes that remand is proper.

### C. **Attorney Fees and Costs**

Under 28 U.S.C. 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  A district court has wide discretion in assessing fees pursuant to section 1447(c).  Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson, 201 F.3d 1212, 1215 (9th Cir. 2000).  Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006).  In this case, the Court notes that if Plaintiff's counsel had diligently attempted to serve Defendant, Kevin Austin, Crab Addison may not have

8

removed the case to this Court. Under these circumstances, the Court finds that the imposition of fees upon Crab Addison is not warranted.

## V. CONCLUSION

For the reasons stated above, Plaintiff's motion to remand this case to the Superior Court of California, County of San Francisco, is GRANTED. Plaintiff's request for an award of attorney's fees and costs is DENIED.

IT IS SO ORDERED.

Dated: February 4, 2010



UNITED STATES DISTRICT JUDGE

9